```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                      CLARKSBURG
```

**BRANDON JENNINGS,**

      **Petitioner,**

v.                                  Civ. Action No. 1:21-cv-132
                                              (Judge Kleeh)

**R. HUDGINS,**

      **Respondent.**

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR RELIEF FROM ORDER**

On September 28, 2021, by previous Order [ECF No. 6], the Court dismissed without prejudice Petitioner's 28 U.S.C. § 2241 petition and disposed of the pending motions in this matter. The Court directed the Clerk to strike this case from the active docket of this Court. ECF No. 6. On October 12, 2021, <u>pro se</u> Petitioner filed a motion for relief from the Court's decision reached in its Order. ECF No. 10. For the reasons discussed below, Petitioner's motion for relief from order is **DENIED**. ECF No. 10.

Rule 60(b) of the Federal Rules of Civil Procedure governs the grounds for relief from a final judgment, order, or proceeding. The rule states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to

>move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The motion must be made within "reasonable time" or within one (1) year of the order if the grounds lie in reasons (1), (2), or (3) of Rule 60(b). Fed. R. Civ. P. 60(c).

Rule 60(b)(6) requires only "extraordinary circumstances" as "reason that justifies relief." Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011). Courts have defined Rule 60(b)(6) as a catchall provision such that a court may grant relief under the rule if the "action is appropriate to accomplish justice." Dowell v. State Farm Fire and Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993).

Petitioner's motion is certainly timely but does not fall under one of the six grounds for relief from order. Petitioner has not demonstrated that (1) there is mistake, inadvertence, surprise, or excusable neglect; (2) there is newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR RELIEF FROM ORDER**

justifies relief. Fed. R. Civ. P. 60(b). It remains true that Petitioner's only claim for relief represents a challenge to the conditions of his confinement rather than the execution of his sentence and is not cognizable under a § 2241 petition. See ECF No. 6. Therefore, Petitioner has not met his burden, and his motion for relief from order is **DENIED** [ECF No. 10].

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the pro se Petitioner, by certified mail, return receipt requested.

**DATED:** June 28, 2022

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA